**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MINDY AMUNDSON, | No.    14-36073 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01548-MC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael McShane, District Judge, Presiding

Argued and Submitted June 5, 2017
Portland, Oregon

Before:  TASHIMA, GOULD and RAWLINSON, Circuit Judges.

Mindy Amundson appeals the district court's affirmance of the

administrative law judge (ALJ)'s determination that she is not disabled.

Amundson specifically argues that the ALJ's determination that Amundson's

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

residual functional capacity (RFC) was limited to "low-semi-skilled work" consistent with "SVP 3" was in error because these terms define a skill level, not a functional limitation. Although "an RFC that fails to take into account a claimant's limitations is defective," *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009), "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (citation omitted).

The ALJ afforded great weight to the medical report of Amundson's treating psychologist and incorporated the doctor's phrasing to pose his hypotheticals to the vocational expert (VE). Relying on the psychologist's report limiting the claimant to "simple routine tasks," the ALJ found that Amundson could perform "light work" that was "limited to low-semi-skilled work consistent with SVP 3," clarifying that light work was specifically defined under 20 C.F.R. § 404.1567(b). Although it may have been prudent for the ALJ to more fully articulate his decision, any error was harmless because of the consistency of the ALJ's finding with the treating psychologist's report and the governing regulation. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015), *as amended* ("An error is harmless . . . if it is inconsequential to the ultimate nondisability determination, or

if despite the legal error, the agency's path may reasonably be discerned. . . .") (citations and internal quotation marks omitted).

A job that is classified as "SVP 3" or "semi-skilled" is consistent with the C.F.R. definition of "light work." *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1233-34 (9th Cir. 2009) (Wu, D.J., concurring). Additionally, the ALJ's finding that Amundson's prior work as a merchandiser matched the "SVP 3" classification is consistent with the Dictionary of Occupational Titles definition for that work. *See DICOT 219.367-018 "MERCHANDISE DISTRIBUTOR."* Our conclusion is further bolstered by the fact that Amundson did not object to the ALJ's question or offer a modification at the hearing.

**AFFIRMED.**